(C.D. 3992)

Western Wire Works, Inc. *v.* United States

## United States Customs Court, Second Division

(Decided April 6, 1970)

*Zanley F. Galton* for the plaintiff.

*William D. Ruckelshaus,* Assistant Attorney General (*Peter Jay Baskin,* trial attorney), for the defendant.

Before RAO, FORD, and NEWMAN, Judges

FORD, Judge: This case involves the proper classification of a certain machine designated on the invoice as "Schuler-Perforating press." Said merchandise was classified under item 674.35 of the Tariff Schedules of the United States as machine tools, metal-working machine tools, other, and assessed with duty at the rate of 15 per centum ad valorem.

Plaintiff herein contends said machine is subject to duty at 10 per centum ad valorem under item 678.50 of said schedules, *supra,* as machines not specially provided for or under item 674.42 of said schedules, *supra,* as other machine tools, other.

The pertinent portions of said provisions and the headnotes read as follows:

Part 4 headnotes:

*     *     *     *     *     *     *

2. Unless the context requires otherwise, and subject to headnote 1 to subpart A of this part, a multi-purpose machine is classifiable according to its principal purpose, but if such a machine is not described in a superior tariff heading as to its principal purpose, or if it has no one principal purpose, it is classifiable in subpart H of this part as a machine not specially provided for.

Subpart F headnotes:

For the purposes of this subpart—
   (a) the term *"machine tool"* means any machine used for shaping or surface-working—
   (i) metals (including metallic carbides);
   (ii) stone, ceramics, concrete, asbestos-cement and like mineral materials, or glass in the cold; or
   (iii) wood, cork, bone, hard rubber or plastics, or other hard materials,
whether by cutting away or otherwise removing the material or by changing its shape or form without removing any of it, but does

not include rolling mills (item 674.20) or the hand-directed or -controlled tools provided for in items 674.60 and 674.70 of this subpart and in item 683.20 of part 5 of this schedule; and

(b) the term *"metal-working"* includes metallic-carbide-working.

| | | |
|---|---|---|
| | Machine tools: | |
| | Metal-working machine tools: | |
| * * * | Machine tools for cutting or hobbing gears_____ | * * * |
| * * * | Boring, drilling, and milling machines, including vertical turret lathes _____ | * * * |
| 674.35 | Other _____ | 15%  ad  val. |
| | Other machine tools: | |
| * * * | Reciprocating gang-saw machines _____ | * * * |
| 674.42 | Other _____ | 10%  ad  val. |
| 678.50 | Machines not specially provided for, and parts thereof_____ | 10%  ad  val. |

The record consists of the testimony of Mr. John T. Holmer, plant manager in charge of the perforating department of plaintiff corporation, and six exhibits received in evidence. Plaintiff's exhibits 1–5 consist of photographs of the involved machine and plaintiff's exhibit 6 consists of a number of pieces of metal which have been perforated by the involved machine.

The operation of the involved machine was described by the witness as follows:

> Q. Now, could you describe for us the operation of this particular Schuler perforator?—A. Yes. This perforating machine has what we call a cavity, which is a steel plate with a hole of a certain shape, depending upon what shape we want, and a block that holds what we call the punch. And the material being perforated is passed over this cavity, and the punch is brought down through the material being perforated and into the die cavity, taking out a section or a shape of that material, completely out of the metal.

Mr. Holmer did not believe the imported machine shaped or surface worked the material upon which it operates without removing any material. He did however admit on cross-examination that the material from which the holes were made was removed. In his opinion, machines which shape or surface work are machine tools such as milling machines, grinders, drill presses, gear hobbing, turret lathes, etc. The perforating machine according to the witness does not belong to the same class as those machines which are metal cutting machines. The involved machine is a shearing type of machine. The *Mechanical Engineer's Handbook* by Lionel S. Marks which is regarded by him

as authoritative separates both categories of operations of machine tools. The witness agreed the imported machine was a machine tool within his understanding of that term.

Mr. Holmer indicated that the metal cutting machines are very accurate cutting material 1/1000 of an inch at a time and require a highly skilled operator. The perforator on the other hand does not require close tolerance and the operators can be trained in two hours. The perforator produces parts of machines which are used on other machines such as chip screens for pulp manufacturing machines.

Plaintiff takes the position that the involved perforating machine is properly subject to classification under item 674.42 of the Tariff Schedules of the United States on the basis of the manner in which the machine performs its work. Specifically the contention is that the articles set forth under the superior heading machine tools and the inferior heading metal-working machine tools and the articles specified in item 674.30 and 674.32 are not *ejusdem generis* with the perforators involved herein on the ground that the former operate on a cutting basis whereas the involved machine utilizes a shearing basis.

The function of this court is to carry out the intent of Congress in enacting the involved legislation. Reports of the Tariff Commission in this instance provide a valuable source of information along this line as does such extraneous information as the so-called Brussels Nomenclature. *Herbert G. Schwarz, dba Ski Imports* v. *United States,* 57 CCPA—C.A.D. 971 (1969). The explanatory notes of the Tariff Commission covering these specific provisions read as follows:

> * * * Items 674.30 and 674.35 would cover metal-working machine tools. The latter item would reduce from 17 percent to 15 percent ad valorem the rate presently provided in paragraph 372 for "punches, shears, and bar cutters, intended for use in fabricating structural or other rolled iron or steel shapes." This provision has proved to be generally troublesome and unworkable. It is believed that the rate change would not produce any change in the volume of imports. Item 674.40 would apply to machine tools other than metal-working machine tools at the rate of 12.5 percent ad valorem which is an approximate arithmetical average of the current rates in the "basket" provisions of paragraphs 353 and 372.

In view of the foregoing it is apparent that the distinction between metal-working machine tools and other machine tools provisions is not the manner of operation but the material upon which said machines operate.

This distinction is also confirmed in the following information contained in *The American Mechanical Dictionary* by Knight, Volume II:

> Among tools of this class for working in metal may be enumerated the lathe and machines for planing, slotting, shaping, drill-

ing, punching, and shearing. See METAL-WORKING TOOLS AND MACHINES.

Machine-tools for wood are lathes, saws of various kinds, machines for planing, molding, boring, mortising, dovetailing, rabbeting, tenoning, shaping, etc. For these we are originally indebted to Sir Samuel Bentham and Brunel. See WOOD-WORKING TOOLS.

It is also to be noted that under the definition of metal-working machine tools is the process of shearing which plantiff contends is not covered by the class of tools covered under superior heading of item 674.35, *supra*. Likewise the function of shearing is included in the "Brussels Nomenclature" which document exerted great influence on the arrangement of the Tariff Schedules of the United States by the Tariff Commission during its revisions of the present tariff schedules. Said Brussels Nomenclature under heading 84.45 includes shearing under metal-working by providing the following:

(B) MACHINE-TOOLS FOR CHANGING THE SHAPE OR FORM OF THE METAL WITHOUT REMOVING ANY OF IT

These include:

\*　　　\*　　　\*　　　\*　　　\*　　　\*　　　\*

(9) Shearing, punching, blanking and notching machines, for carrying out various cutting operations on plates, sheet, strip, bars, etc.

We therefore conclude that the imported machine is a machine tool not excluded from item 674.35 by reason of the fact that it shears. The question of whether it is "metal-working" or "other" remains for decision.

The record as made is indicative of the fact that the perforator is used "most" for making chip screens of metal for pulp machinery but also may be utilized for other purposes and with other materials. However, in view of the language in schedule 6, part 4 headnotes and particularly headnote 2,[1] we are unable to accept the argument of plaintiff that said merchandise is properly subject to classification under item 674.42, *supra*. The machine involved herein does work on metal and on other materials. It is, therefore, the burden of plaintiff to establish its principal purpose to be its use on materials other than metal. The record establishes the contrary.

In view of our finding, *supra*, that said article is a machine tool, it is not necessary to consider plaintiff's alternative claim under item

---

[1] 2. Unless the context requires otherwise, and subject to headnote 1 to subpart A of this part, a multi-purpose machine is classifiable according to its principal purpose, but if such a machine is not described in a superior tariff heading as to its principal purpose, or if it has no one principal purpose, it is classifiable in subpart H of this part as a machine not specially provided for.

678.50, *supra*. The question raised by plaintiff as to whether perforating constitutes surface working is therefore moot in view of the foregoing.

Plaintiff has failed to overcome the presumption of correctness attaching to the classification herein. *Technical Tape Corp.* v. *United States*, 55 CCPA 38, C.A.D. 931 (1968).

The protest is, therefore, overruled.

Judgment will be entered accordingly.